UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EVIE DUNESKE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ECORSE, et al.,<br><br>Defendants. | <br><br><br><br>Case No. 26-cv-13475<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND PARTIALLY DISMISSING THE COMPLAINT**

Evie Duneske commenced a *pro se* action under 42 U.S.C. § 1983 against the City of Ecorse, Officer Cody Staub, an unnamed former police chief, and the Ecorse Police Department. (ECF No. 1). Before the Court is her *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) partially dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id*. at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Duneske alleges that she owned a 2007 Jeep Compass parked in her designated space at her Ecorse residence. (ECF No. 1, PageID.2–3). On January 29, 2025, Officer Staub allegedly caused the Jeep to be towed as abandoned, even though Duneske was permitted to park there. (*Id.* at PageID.2–4). The police report attached to the complaint identifies Staub as the officer who called the towing company after observing that the Jeep had not moved following a 48-hour sticker. (*Id.* at PageID.19). Duneske alleges that she did not consent to the tow, could not afford the resulting towing and storage charges, and has not recovered the Jeep. (*Id.* at PageID.3–5).

The Fourth Amendment prohibits unreasonable seizures of property. *Livingston v. Luken*, 151 F. App'x 470, 475 (6th Cir. 2005). In *Livingston*, the Sixth

Circuit held that an officer could violate a clearly established Fourth Amendment right by causing a vehicle to be towed as abandoned when the vehicle did not meet the requirements of the statute authorizing its removal. *Id.* at 475–76. Duneske alleges that Officer Staub caused her Jeep to be towed as abandoned even though it was parked with permission in her designated space and did not meet the definition of an abandoned vehicle under Mich. Comp. Laws § 257.252a(2)(a). (ECF No. 1, PageID.2–4, 19). Accepting those allegations as true, Duneske's § 1983 claim against Officer Staub in his individual capacity for an unreasonable seizure under the Fourth Amendment may proceed.

However, the complaint fails to state a claim against the City of Ecorse. A municipality cannot be held liable under § 1983 solely because it employed an officer who allegedly violated a person's rights. The alleged violation must have resulted from a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 691-92, 694 (1978). Duneske identifies a failure to contact the property owner and a failure to comply with constitutional and Michigan law as a City "policy, practice, custom, or failure" to train or supervise. (ECF No. 1, PageID.4). But she alleges no facts showing that these asserted failures reflect a City policy or custom or explaining how a City training decision caused the tow. The complaint therefore does not plausibly state a § 1983 claim against the City. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429–30 (6th Cir. 2005).

The same conclusion applies to Duneske's official-capacity claims. An official-capacity claim against a municipal officer is treated as a claim against the municipality itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Duneske's official-capacity claims against Officer Staub and the former chief are therefore claims against the City of Ecorse and fail for the reasons stated above.

The Ecorse Police Department also cannot be sued separately from the City under § 1983. Under Michigan law, a municipal police department is part of the municipality rather than a separate entity subject to suit. *Boykin v. Van Buren Township*, 479 F.3d 444, 450 (6th Cir. 2007). Therefore, the Court will likewise dismiss the claim against the Department.

Finally, Duneske also names the former police chief in his individual capacity. But she does not allege that he ordered or participated in the tow. Rather, she alleges that she called him afterward and that he insulted her and refused to acknowledge any wrongdoing. (ECF No. 1, PageID.3). In *Livingston*, by contrast, the complaint alleged that the chief ordered the vehicle to be towed and assigned it a value on the day of the seizure. 151 F. App'x at 476. Because Duneske alleges no conduct by the chief that caused the seizure, the Court will dismiss the individual-capacity claim against him. Accordingly,

IT IS ORDERED that Duneske's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

IT IS FURTHER ORDERED that the claims against the City of Ecorse, the Ecorse Police Department, and the former chief in his individual and official capacities, as well as the official-capacity claim against Officer Staub, are DISMISSED WITHOUT PREJUDICE

IT IS FURTHER ORDERED that Duneske's § 1983 claim against Officer Staub in his individual capacity for an alleged Fourth Amendment unreasonable seizure may proceed.

Dated: September 29, 2026

s/Robert J. White
Robert J. White
United States District Judge