UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EVIE DUNSKE,<br><br>Plaintiff,<br><br>v.<br><br>CODY STAUB,<br><br>Defendant. | Case No. 26-cv-13475<br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION TO ACCEPT LATE FILINGS AND DENYING PLAINTIFF'S MOTION FOR MORE TIME TO MAKE FILINGS (ECF NOS. 7, 8)**

Plaintiff Evie Dunske, proceeding pro se, sues Defendant Cody Staub, a police officer, alleging that he had her vehicle towed in violation of the Fourth Amendment. ECF No. 1. The Honorable Robert J. White referred this matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10.

On September 29, 2026, Judge White ordered Dunske to complete service documents and return them to the Clerk's Office within 14 days. ECF No. 6. Dunske returned the service documents on October 15, 2026, and moves for the Court to accept them despite their untimeliness. ECF

No. 8. But Dunske's service documents were not late. Judge White's order directing Dunske to return the completed service documents was mailed to her postal address. Under Federal Rule of Civil Procedure 6(d), "when a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Thus, Dunske had until October 16, 2026, to return the service documents. The Court **GRANTS** Dunske's motion to accept the documents.

Dunske also moves for a blanket order adding an extra seven days to any filing deadline. ECF No. 8. She explains that she cares for a child with a disability and must attend frequent medical appointments. *Id.* To extend deadlines, a court must assess whether good cause justifies an extension if the request is made before the original deadline. *See* Fed. R. Civ. P. 6(b)(1)(A). If a request to extend a deadline is made after the relevant deadline, the moving party must also show excusable neglect. *See Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018).

Because the Court cannot determine in advance whether good cause or excusable neglect will justify every potentially late filing, Dunske's motion for a blanket order is **DENIED**. But if she has good cause for needing more time to make an individual filing, she may move to extend the deadline.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 22, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 22, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager